PETITION FOR WRIT OF HABEAS CORPUS **RECEIVED**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_Eastern Division_

MAR 20 2008 _aew_
Mar 20, 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

PERSONS IN STATE CUSTODY
_Erven Walls_

United States of America ex rel.

_Erven Walls_ _#K69769_
(Full name and prison number)
(Include name under which convicted)
                    PETITIONER

vs.

_Warden Joseph Loftus_
(Name of Warden, Superintendent,
Jailer, or authorized person having
custody of petitioner)
                    RESPONDENT

and
ATTORNEY GENERAL OF THE STATE OF

\* _Hon. Lisa Madigan_

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

08CV1638
JUDGE LINDBERG
MAGISTRATE JUDGE NOLAN

(To be supplied by Clerk)

\*    This space should be filled in with the name of the state where
     judgment was entered <u>only</u> if petitioner is attacking a judgement
     which imposed a sentence to be served in the future.  If petitioner
     has a sentence to be served in the future under a federal judgment
     which he wishes to attack, he should file a motion under 28 U.S.C.
     § 2255 in the federal court which entered the judgment.)

1

**PETITION**

1. Name the location of court which entered the judgement of conviction under attack   _Circuit Court of Cook County_

2. Date of judgment of conviction   _July 16, 1998_

3. Length of sentence   _15yrs, 25yrs and 10yrs_

4. Nature of offense involved (all counts with indictment number of each, if known)   _Armed Robbery, Armed Violence, and Agg Kidnapping 97CR30453 01_

5. What was your plea?   (Check One)
   (A)  Not guilty                 ( ✓ )
   (B)  Guilty                     ( )
   (C)  Nolo contendere            ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _N/A_

6. Kind of trial:   (Check One)
   (A)  Jury                       ( ✓ )
   (B)  Judge only                 ( )

7. Did you testify at trial?

        YES ( )              NO ( ✓ )

8. Did you appeal from the judgment of conviction or imposition of sentence?

        YES ( ✓ )            NO ( )

   (A)  If you did appeal, answer the following:

        (1)  Name of court   _Appellate Court First. Dis._

        (2)  Result   _Re-sentenced Remand other Convictions Affirmed._

2

(3)  Date of result  6-11-01

(4)  Issues of raised  Brady, Effective Assistance of Counsel, consecutive sentences, safe Neighborhood Act

**(B)**  If you did not appeal, explain briefly why not.

D/A

9.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed with respect to this conviction:

**(A)**  Any petition in a state court under the Illinois Post-Conviction Hearing Act, Ill.Rev. Stat. ch. 38, sec. 122?

YES  (  )     NO  ( ✓ ).

**(B)**  Any petitions in a state court by way of statutory coram nobis, Ill.Rev. Stat. ch. 110, sec 72?

YES  (  )     NO  ( ✓ )

**(C)**  Any petitions for habeas corpus in state or federal courts?

YES  (  )     NO  ( ✓ )

**(D)**  Any petitions in the United States Supreme Court for certiorari other than petitions, if any, already specified in question (9)?

YES  (  )     NO  ( ✓ )

**(E)**  Any other petitions, motions, or applications in this or other court?

YES  ( ✓ )     NO  (  )

10.  If your answer to any section of questions (9) was YES, give the following information:

(A)  (1)  Name of court  Appellate Court First District

3

(2)  Nature of proceeding  Appealed Re-sentenced Armed violence Count that was Remanded.

(3)  Grounds raised  Due process violation on Equal rights of Sentence to CO-Defendant Delores Jinadu, failed to reduce 25yr sentence, prejudice and bias, excessive sentence.

(4)  Did you receive and evidentiary hearing on your petition, application, or motion?

YES  (  )    NO  ( ✓ )

(5)  Result  Affirmed

(6)  Date of result  July 25, 2003

(B)  As to any second petition, application, or motion, give the same information:

(1)  Name of court  Circuit court of cook county.

(2)  Nature of proceeding  Pro se Post-conviction Relief

(3)  Grounds raised  Gist of a constitutional violation, Coerced Confessions and ineffective assistance of counsel.

(4)  Did you receive and evidentiary hearing on your petition, application, or motion?

YES  (  )    NO  ( ✓ )

(5)  Result  Pro se Post-Conviction Dismissed

(6)  Date of result  Dec. 14, 2001

(C)  As to any third petition, application, or motion, give the same information:

(1)  Name of court  Circuit court of cook county

(2)  Nature of proceeding  Pro se Successive Post-Conviction

4

Relief

(3) Grounds raised _perjury, refused to allow cross-examine, illegal arrest, Identification, Judge denied continuance to get all documents & ineffective assis counsel, Search and Seizure no warrant, Informant_

(4) Did you receive and evidentiary hearing on your petition, application, or motion?

YES ( )   NO ( ✓ )

(5) Result _Pro se successive Post-conviction Relief Dismissed_

(6) Date of result _May 17, 2004_

(D) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application, or motion?

(1) First petition, etc.   YES ( ✓ )   NO ( )
(2) Second petition, etc.   YES ( ✓ )   NO ( )
(3) Third petition, etc.   YES ( ✓ )   NO ( )

(E) If you did **not** appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_D/A_

_____

_____

_____

11. State **concisely** every ground on which you claim that you are being held unlawfully.   Summarize **briefly** the **facts** supporting each ground.   If necessary, you may attach pages stating additional grounds and **facts** supporting same.   If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

CAUTION:   BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES AS TO EACH GROUND ON WHICH YOU REQUEST ACTION BY THE FEDERAL COURT.

(A) Ground one _Brady Violation, withheld evidence:_
Supporting FACTS (tell your story **briefly** without citing cases or law):

5

The state did'nt tender Brady Material Prior to trial Concerning evidence of the Victim's INS Status. Prior to trial, defense counsel requested information concerning the victim's criminal background as well as his immigration status. Although prior to trial the state maintain it did'nt have any information concerning any INS investigation, post-trial they were able to come up with such information. After defense counsel pressed this issue in preparing his motion for a new trial, the state tendered him an INS file number and the name of an investigator. At that time, the State offered no explanation why that was not turned over earlier or how they now come into its possession after previously claming there was no such Material.

(B)  Ground two:  Denied Effective Assistance of Counsel;
Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

Counsel failed to uncover the victim's INS file prior to Trial and waited until after a guilty verdict to subpoena the file. While trial counsel repeatedly requested information concerning the victim's background from the state, he made no attempt to subpoena or investigate prior to trial the victim's status as an illegal alien subject to deportation by the INS. Prior to trial, defense counsel believed that there was an INS investigation concerning the victim. However, he simply relied on the state conducting an INS search and did not seem to undertake one himself. In his pre-sentence report, the victim acknowledged that he could not return to Nigeria and later told trial counsel that there was in fact an INS investigation going on before trial about his relationship with his wife, a co-defendant.

(C) Ground three: **Perjured Testimony to stand uncorrected;**
Supporting **FACTS** (tell your story _briefly_ without citing cases or law):

The victim related that, Petitioner handcuffed him, yet all of his statements say that he was unconscious, that is two conflicting statements; Victim alleged that he was hit with a bat and a chisel, yet niether item was recovered. Mr. Jinadu lied on the witness stand about his American status in this country, about the events which took place regarding this crime. In his pre-sentence report, the victim acknowledged that he could not return to Nigeria and later told trial counsel that there was in fact an INS investigation going on before trial about his relationship with his wife. This testimony was the only testimony the jury heard an nobody corroborated this testimony.

(D) Ground Four: **Gist OF A CONSTITUTIONAL Violation;**
Supporting **FACTS** (tell your story _briefly_ without citing cases or law):

Petitioner Erven Walls filed a post-conviction petition. He raised the ineffective assistance of both his trial and appellate attorneys. Petitioner attorneys did not pursue his claim of an involuntary statement based on police interrogation despite his request for counsel. The police coerced petitioner statement through physical abuse. Mr. Walls attached affidavits of witnesses demonstrating that before his arrest, he was not injured. Two of the witnesses saw Mr. Walls a few days later in court, and he was injured. Mr. Walls, in his own affidavit informed trial counsel that he had been beaten by police. A motion was filed to suppress statement but the lawyer failed to challenge police testimony that no physical abuse occurred by calling Mr. Walls witnesses. Mr. Walls produced a lockup sheet showing that when he entered Jail he had no injuries. The trial court in its order failed to address the affidavits of the three witnesses and Mr. Walls.

(E) Ground five: The Judge and ASA refused to allow defendant's attorney to cross-examine officer Alonzo Jackson, at oral statement suppression hearing;

officer Alonzo Jackson is the partner of officer Bradley, and these are the arresting officers whom which both had contact and question Mr. Walls the defendant at separate times. Mr. Walls attorney was allowed to cross-examine officer Bradley, and when finish with that cross-examine the attorney requested to cross-examine officer Jackson the court and ASA refused to allow the defendant to cross-examine the officer, and it was denied. This officer question the defendant while he was in police custody at a separate time. So the defendant continued the questioning of officer Bradley on cross-examine. Then the court ended the suppression hearing while the defendant attorney was cross-examining the officer Bradley, and the court denied the motion to suppress oral statement.

(F) Ground six: Petitioner's arrest was illegal and lacked probable cause;

When Mr. Walls was arrested leaving the Courtroom on the 17th day of Sep. 1997, in the City of Chicago, he was arrested on bare suspicion, he was arrested by the Chicago Police without Miranda Warning read to him or even informed as to the reason he was being arrested, if the arresting officer had possessed more than Bare Suspicion, Mr. Walls would not have been subject to having to sit chained to the Wall of an interview room at Area 3 Police station from noon until 8:00 pm while the arresting officers let Mr. Walls be seen by Mr. Jinadu before being placed into a line-up. Chicago Police Det. Vernon Bradley was assigned as a follow up investigator on 5-12-97, and as soon as he learned the names of the possible suspect and that Mr. Walls was in a courtroom, he went to that location and arrested Petitioner, without a warrant and without the necessary probable cause to effect the arrest. As soon as the victim went to the house he was hit on the head with a bat and lost consciousness, the victims own testimony show that he did not see who hit him, nor did he see anyone in the apartment before he walked in. Petitioner in this case had a relationship with the victims ex-wife and lived with her from time to time. The only person Mr. Jinadu identified by name was that of his ex-wife, although he knew Petitioner.

(9)

(G.) Ground seven. Identification;

The victim related that, petitioner handcuffed him, yet all of his statements say that he was unconscious for at lease two or three hours. As soon as the victim went to the house he was knock unconscious and he did not see anyone before he went in the apartment nor did he see who hit him. At the grandjury the victim testimony was that he saw two dark skinned guys, and one light skinned guy standing in front of the building where he was being held at, and those three guys was holding him, this is what the victim said at the grandjury and not one time mention Petitioner name or describe petitioner, and he no the petitioner the victim does. When the ASA say now you no this person to have hit you to be Mr. Erven Walls and then the victim agrees with the ASA. The officers showed the victim a photo picture I.D card to the victim. The arresting officers let the victim see the petitioner before the line up. The victim stated that he was upset and jealous when he was cross-examined by Petitioner Attorney because Petitioner had a relationship with victim the victim ex-wife. The police reports even have diffrent names on the report and the Petitioner name is on the report because of the traffic tickets that was taken from the apartment where the petitioner live from time to time with the victim ex-wife. The police have the same complexion on there police reports which the victim gave them these descriptions. The petitioner is brown skinned.

(10)

(H) Ground Eight: Judge denied defendant continuance to get all the documents needed to thoroughly cross-examine plaintiff, the documents goes to the credibility of plaintiff;

The Petitioner attorney ask for a continuance at the pre-sentence hearing to set a date up to go and get the INS file from there attorney, because the victim lied in his pre-sentence report. The Petitioner attorney received a case number from the states Attorney. Petitioner Attorney proceed to get intouch with the INS about the on going investigation on the plaintiff. The defendant Attorney had to go through a process to try and get the documents on the on going investigation but the court denied the defendant attorney the continuance to proceed to get the documents. Mr. Walls attorney was left with no other choice but to cross-examine the victim without the file. To fully cross-examine the victim at the pre-sentence hearing the Petitioner attorney needed the case file from the INS.

Mr. Jinadu is the victim and is the state only witness against the Petitioner. The victim already committed perjury in trial about his american status, on a pre-sentence report the victim say something totaly diffrent from what he said in trial. The Judge made the plaintiff get off the stand at the pre-sentence hearing before defendant attorney could finish cross-examine.

(11)

(I) Ground Nine. Ineffective assistance of counsel:

The Petitioner Erven Walls was Denied Effective assistance of counsel on Direct Appeal, When Appellate Counsel failed to raise on direct appeal that the Petitioner's trial counsel was ineffective for failing to object to arresting officers continued custodial interrogation despite the petitioner's repeated request for counsel during interrogation. Petitioner's appellate counsel failed to raise significant and obvious issues on direct appeal, issues that were material to the petitioner's direct appeal, where if raised, there would be a reasonable probability of a diffrent out come of the appeal. The appellate counsel's decision to ignore the viable issue of trial counsel's ineffectiveness of failing to object to arresting officers continued interrogations despite the petitioners request for counsel. The petitioner was arrested and questioned by Chicago detectives Alonzo Jackson *20819 A/3 VC, and Vernon Bradley *21179 A/3 VC.., for the charged crimes. At the initial stage of the interrogation the petitioner repeatedly requested counsel be called for the petitioner to aid him during questioning. Despite these request made by the petitioner, the interrogations continued.

Continue to next pg →

(I) Ground Nine: Continued Page 2 of first page, of ground nine.

Arresting officers Jackson and Bradley continued interrogations despite the

Petitioner's request for counsel, and as a result there of, a tainted statement

was used as material evidence at his trial, and ultimately caused the

Petitioner's conviction. The petitioner advanced all of this information to his trial

counsel before trial and counsel failed to timely object to the same. Appellate

counsel was equally ineffective, where had appellate counsel raised this issue

on direct appeal, the appellate court would have had an opportunity to consider

the legal question of the oral statement, unlawful interrogation, and manner

in which it was elicited. The petitioner contends that his direct appeal could have

ended in reversal, but for the inaction of his appellate counsel, failed to argue on

Direct appeal.

(J) Ground Ten: The entry into the apartment by the police, and the seizure of items there in, was unconstitutional, absent a warrant; The victim testified on record that he did'nt hear anyone in the apartment talking, and then he got his hands in front and freed his legs, and he left the apartment, and when he got outside the building he seen the three guys that was holding him sitting on the school steps across the street of the building he just came out of, and he start yelling for help, and the three dudes start running away as the victim ran towards Thorndale, and this testimony was said at the Petitioner trial. Petitioner in this case had a relationship with the victims ex-wife and from time to time lived with Delores. However, Chicago Police officer Mario Ramirez testified that on 5-10-97, he and his partner, officer Schmidt, were in a marked police car at the corner of Thorndale and Winthrop when they were hailed over by a young boy who directed them to the victim. The victim lead officers Ramirez and Schmidt to an apartment located at 5831 North Winthrop. Once inside the apartment, the officers recovered several pieces of identification that belonged to the Petitioner and a alleged co-defendant, officers Ramirez and Schmidt showed the victim a photo I.D. of the Petitioner inside the apartment, the victim testified that these officers showed him the Photo I.D. However officers Mario Ramirez testified that when he entered the apartment there was two guns siting on top of the bed and he saw hundreds of plastic bags, a scale, white powder, spoons and breathing masks, and the fact that various pieces of identification being found in the apartment is not unreasonable, especially, when considering the fact that Delores is the girlfriend of the petitioner. Petitioner was the live in boyfried of Delores and it's been establish on record that defendant lived at 5831 North Winthrope.∎    Continue to next PG ⟶

(J) Ground Ten: Continued Page ; of First page, of ground ten.

The inadequate procedures also allowed evidence that were seized without a warrant to be used in the trial, when the police entered the residence where they obtained information concerning the defendant and the others the Police officers did not secure a warrant, Procedurally the police were only suppose to secure the crime scene, secure a warrant, and call the evidence Technician to process the crime scene.

(K) Ground Eleven: The Petitioner's request to produce informant

was denied;

Petitioner attorney on cross-examine to officer Bradley about how did

he find out the where abouts of Mr. Walls location on Sep. 17, 1997, the

officer stated that a reliable informant told him the where abouts

of Mr. Walls on Sep 17, 1997 and the officer stated that the informant told

him details about the allege. crime. Petitioner attorney cross-examine this officer

on the day of Motion to suppress oral statement hearing. Petitioner attorney

requested that the informant be produced to be confronted by the defendant.

Because of this reliable informant, and this officer received so much details from this

person of reliable source. Mr. Walls attorney requested to be given a chance to cross-

examine this informant. These request are on record, because the judge denied

the Petitioner request to confront this informant.

( L ) Ground Twelve: Effective Assistance of Appellate counsel on

Direct Appeal;

The Petitioner Erven Walls was denied his right to Effective Assistance

of appellate Counsel on direct appeal. Petitioner appellate counsel failed to

argue on direct appeal that the Post ARREST oral statement that was

admitted in the petitioner's trial against him was the product of a physical

beating inflicted by arresting officers to induce the oral statement.

In the instant case, the petitioner's appellate counsel's decision not to

argue on direct appeal that arresting officers beat him during interroga-

tion to induce a oral statement from the petitioner was a serious

error in professional Judgment, that prejudiced the defense, where the

Judgment is not one assumed to have produced a just result. On sep. 17,

1997 officers Vernon Bradley and Alonzo Jackson arrested the

petitioner. Terry Walls, Sabrina Walls, and Nina Garner were all

with the petitioner right before his arrest. Each of these witnesses

signed a affidavit deposing that.          Continue to Next pg ⟶

(L) Ground Twelve: continued page; of first page, of ground Twelve.

The petitioner had no injuries prior to his arrest. This account was confirmed by a report prepared at the Belmont and Western police station lockup, the mentioned report stated that; When the defendant "Walls" was brought to lockup, he had no obvious pain or injury. It is very unconscionable that the petitioner's appellate counsel failed to raise this very crucial issue on direct appeal, where said issue is very material in the induction of the state's main body of evidence.

A full reading and view of the police reports clearly indicate that the petitioner sustained physical injuries, and any theory that these injuries were sustained before the petitioner's arrest, would be inconsistent with the ▄▄ original police reports, and the petitioner's eye witnesses.

(M) Ground Thirteen. Resentenced on a Armed violence count ;

In December 2001 The defendant was being resentenced on an armed violence count. At that period of time the minimum sentence for armed violence was 15yrs in the Illinois Department of corrections. It reverted back to 6yrs. However the judge sentenced the defendant the first time to 25yrs, 10yrs above the minimum Sentence. The defendant co-defendant was sentence to 15yrs after the co-defendant put in a motion for time reduction after the first sentence was imposed and it was 25yrs, and then after the safe neighborhood act was ruled unconstitutional the minimum sentence was reverted back to 6yrs and then the co-defendant Delores Jinadu was given 6yrs who was charge with the same thing the Petitioner was charge with, and the Petitioner suppose to have been given the same justice of equal rights as the co-defendant was given, On January 3, 2002 the motion for reconsideration was heard, and trial judge never adequately consider the Petitioner rehabilitative potential and the completed certificates of anger management classes, criminal alternative change group, and parenting classes. The trial Judge has been vigelentive towards Petitioner and prejudice because if the trial judge was'nt being vigelentive or prejudice and bias the Petitioner would have been given the same equal rights as the co-Defendant Delores Jinadu and the defendant time would've been reduce to the mininum sentence like the co-defendant in this case was given, and all accumulated and significant amount of mitigation would've been considered and the Petitioner would've prevailed. The Petitioner never been convicted of a class x felony or never been to prison, and the sentence is excessive. The Petitioner class X convictions fits the same as the co-defendant Delores Jinadu, and all these facts are on record.

(N) Ground four: Consecutive Sentence

On October 13, 1998, Petitioner was sentenced to twenty five years imprisonment for armed violence, fifteen years imprisonment for armed robbery and ten years imprisonment for aggravated kidnapping.

That the trial judge indicated the legislature has stated that Petitioner's sentences must be served consecutively. The trial judge also noted that the victim was severely impacted by his injuries. The judge sentence Petitioner to consecutive sentences in cases of multiple convictions arising out of a single course of conduct and the court found that the petitioner inflicted severe bodily injury and not a trial by jury.

12. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES ( ✓ )    NO ( )

13. If you answered "NO" to question (12), state briefly what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

YES ( )    NO ( ✓ )

(A) If yes, state the name of the court and the nature of the proceeding.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  Grand Jury indictment; I never had a preliminary hearing.

(B) At arraignment and plea  Dayna Woodbury  Public defender  2650 S California  Chgo, IL 60608  7th Floor

(C) At trial  Daniel L. Franks  Private Attorney  120 S Riverside Plaza suite 1150  Chgo, IL 60606-3910

(D) At sentencing  Daniel L. Franks  Private Attorney  120 S Riverside Plaza suite 1150 Chgo, IL 60606-3910

(E) On appeal  Kwame Raoul Jean + Baptiste + Raoul Law firm  1900 Asbury Ave  Evanston, IL 60201

(18)

    (F)   In any post-conviction proceeding _First Post-Conviction_

_Pro se, Successive Post-Conviction Pro se also._

    (G)   On appeal from any adverse ruling in a post-conviction
proceeding _Original Post-Conviction appeal Denise R. Avant,_

_Successive Post-Conviction appeal Pro se._

16. Were you sentenced on more than one count of an indictment, or on
more than one indictment, in the same court and at the same time?
                                    YES ( ✓ )    NO ( )

17. Do you have any future sentence to serve after you complete the
sentence imposed by judgment under attack?
                                      YES ( )    NO ( ✓ )

    (A)   If YES, give the name and location of the court which
imposed sentence to be served in the future:
                          N/A

    (B)   And give the date and length of sentence to be served
in the future                  N/A

       WHEREFORE, petitioner prays that the court grant petitioner relief
to which he may be entitled in this proceeding.

_Mr. Even Walker_
(signature)

_____
Signature of attorney (if any)

Signature of petitioner

I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.

Executed on _3-13-08_
               (Date)
_Mr. Even Walker_
(Signature of petitioner)
_K69769_
(I.D. Number)
_3820 E Main St  Danville, IL 61834_
(Address)